**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FREDDIE MANU GEMAN, | No. 10-72536 |
| Petitioner, | Agency No. A088-889-641 |
| v. | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 15, 2013[**]

Before:    SILVERMAN, BEA, and NGUYEN, Circuit Judges.

Freddie Manu Geman, a native and citizen of Ghana, petitions for review of

the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").  We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and we review de novo claims of due process violations, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir. 2011). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination because Geman's asylum application and declaration omitted his arrests, interrogation, and physical abuse, and because his testimony and declaration were inconsistent regarding which family members were taken into custody. *See Kin v. Holder*, 595 F.3d 1050, 1056-58 (9th Cir. 2010) (omission of participation in political demonstration and inconsistencies regarding circumstances of arrest and release supported adverse credibility determination). Geman's explanations do not compel a contrary conclusion. *See id.* at 1057. Accordingly, in the absence of credible testimony, Geman's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Because Geman's CAT claim is based on the same testimony found to be not credible, and he does not point to any other evidence that shows it is more likely than not that he will be tortured if returned to Ghana, his CAT claim also fails. *See id.* at 1156-57.

2                                                                    10-72536

Finally, Geman's due process claims fail because the proceedings were not so fundamentally unfair that he was prevented from reasonably presenting his case, and because he failed to demonstrate prejudice. *See Vargas-Hernandez v. Gonzales*, 497 F. 3d 919, 926-27 (9th Cir. 2007) (finding petitioner was given a full and fair opportunity to present his case); *Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice for a petitioner to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**